IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY GUY, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | NO.  |
| | § | |
| ASPLUNDH TREE EXPERT CO., | § | |
| d/b/a TREES, INC., | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Defendant ASPLUNDH TREE EXPERT CO. d/b/a TREES, INC. ("Asplundh") files this Notice of Removal, removing Cause No. 2013-72162 from the 129th Judicial District Court, Harris County, Texas to this Court pursuant to 28 U.S.C. §§ 1441 and 1332. The grounds for removal of this lawsuit are as follows:

### FILING OF ORIGINAL PETITION & RECEIPT BY DEFENDANT

1.     On December 2, 2013, Plaintiff Kelly Guy ("Plaintiff") filed her Original Petition against Asplundh Tree Expert Co. d/b/a Trees, Inc. in the 129th Judicial District Court, Harris County, Texas, styled **Kelly Guy v. Asplundh Tree Expert Co., d/b/a Trees, Inc.,** Cause No. 2013-72162. Plaintiff's Original Petition asserts a retaliation cause of action under the Texas Labor Code § 21.001, et seq., arising from the termination of her employment.

2.     Asplundh was served with Plaintiff's Original Petition on December 12, 2013.

3.     Asplundh timely filed its Original Answer in state court on January 3, 2014.

## DIVERSITY JURISDICTION

*Citizenship*

4.      The district courts of the United States have original jurisdiction over this action based on complete diversity between the parties, in that every defendant is now, and was at the time the action commenced, diverse in citizenship from every plaintiff.  Plaintiff Kelly Guy is a resident of Harris County, Texas and a citizen of the State of Texas.  Asplundh is a foreign corporation with its principal place of business in Pennsylvania.

*Amount in Controversy*

5.      Plaintiff's Original Petition specifies that the amount in controversy is "an amount over $100,000.00 but not more than $200,000.00." Plaintiff seeks back pay to the date of her termination (nearly one year ago) and front pay for a period of at least two (2) years. Plaintiff earned approximately $34,000.00 a year. Thus, one year of back pay combined with two years of front pay would be approximately $102,000.00. Plaintiff's Original Petition also seeks to recover additional amounts for compensatory damages, punitive damages and attorneys' fees. These amounts are included in determining the amount in controversy. *Foret v. State Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990) ("attorney's fees may be included in determining the jurisdictional amount"); *Dow v. Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (considering potential punitive damages claim in assessing amount in controversy). Based on the foregoing, Plaintiff would be seeking to recover well over $75,000.00 if she were awarded the amounts Plaintiff is seeking in her petition.

6.      Given Plaintiff's back pay claim and other damages sought and as plead by Plaintiff, the amount in controversy exceeds $75,000.00 See *Goosens v. AT&T Corp.*, 2000 WL 33348222, *2 (W.D. Tex. April 3, 2000) (Briones J.) (finding amount in controversy satisfied

where Plaintiff earned $30,380.00 at time of termination and alleged damages for front pay, emotional distress, punitive damages and attorneys' fees).

7.      Accordingly, because this civil action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

## PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

8.      Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

9.      Asplundh will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and in the form of Ex. "1" attached hereto. Asplundh will promptly file a copy of this Notice of Removal with the Clerk of the 129th District Court, Harris County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

10.     A true and correct copy of all process, pleadings, and the orders served upon Defendant in the state court action is being filed with this notice as required by 28 U.S.C. § 1446(a) and is attached hereto as Ex. "2".

11.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service of a document which establishes diversity in this case and within one (1) year from the commencement of this lawsuit.

WHEREFORE, Defendant ASPLUNDH TREE EXPERT CO., d/b/a TREES, INC., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled **Kelly Guy v. Asplundh Tree Expert Co., d/b/a**

**Trees, Inc.,** Cause No. 2013-72162 from the 129th Judicial District Court, Harris County, Texas

on this _10th_ day of January, 2014.

Respectfully submitted,

Scott A. Agthe
State Bar No. 00934800
CONSTANGY, BROOKS & SMITH, LLP
8911 N. Capital of Texas Highway
Building 3, Suite 3350
Austin, Texas  78759
(512) 382-8800 Telephone
(512) 382-8801 FAX
sagthe@constangy.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the _10th_ day of January, 2014, I served a copy of this *Notice of Removal* and all of its attachments on Plaintiff by faxing a true and correct copy thereof and by CM/ECF, as follows:

Keith Lovelace
8303 Southwest Freeway, Ste. 975
Houston, TX 77074
(713) 995-5555 FAX

SCOTT A. AGTHE

DEFENDANT'S NOTICE OF REMOVAL, PAGE 4

2601071.1

"Ex." 1

CAUSE NO. 2013-72162

| | | |
|---|---|---|
| **KELLY GUY,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **129TH JUDICIAL DISTRICT** |
| **ASPLUNDH TREE EXPERT CO.,** | § | |
| **d/b/a TREES, INC.,** | § | |
| | § | |
| **Defendant.** | § | **HARRIS COUNTY, TEXAS** |

## NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that the Defendant in this action has, pursuant to federal law, filed with the clerk of the United States District Court for the Southern District of Texas, Houston Division, a Notice of Removal. A copy of said notice is filed with this document and is attached hereto as Exhibit A. Copies of this notice of removal will be promptly transmitted to all parties pursuant to 28 U.S.C. § 1446(d). This Court is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court.

DATED this ___10th___ day of January, 2014.

Respectfully submitted,

Scott A. Agthe
State Bar No. 00934800
CONSTANGY, BROOKS & SMITH, LLP
8911 N. Capital of Texas Highway
Building 3, Suite 3350
Austin, Texas  78759
(512) 382-8800 Telephone
(512) 382-8801 FAX
sagthe@constangy.com
Attorneys for Defendant

2600844.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of January, 2014, I served this *Notice of Filing Notice of Removal* and all attachments on the following party by faxing to him a true and correct copy thereof:

Keith Lovelace
8303 Southwest Freeway, Ste. 975
Houston, TX 77074
(713) 995-5555 FAX

_____
SCOTT A. AGTHE

NOTICE OF FILING NOTICE OF REMOVAL, PAGE 2

2600844.1

"Ex." 2

 CT Corporation

**Service of Process Transmittal**
12/12/2013
CT Log Number 524048472

TO:     Phillip E Tatoian, Jr., Assistant General Counsel
        Asplundh Tree Expert Co.
        708 Blair Mill Road
        Willow Grove, PA 19090

RE:     **Process Served in Texas**

FOR:    Asplundh Tree Expert Co. (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kelly Guy, Pltf. vs. Asplundh Tree Expert Co., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Notice |
| **COURT/AGENCY:** | 129th Judicial District Court, Harris County, TX<br>Case # 201372162 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - Plaintiff sustained damage due to sexual harrasment at workplace in middle of September 2005 while working as receptionist |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/12/2013 postmarked on 12/10/2013 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. on the Monday next after the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Keith Lovelace<br>Law offices Of Keith Lovelace<br>8303 Southwest Freeway Suite 975<br>Houston, TX 77074<br>713-777-0500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/13/2013, Expected Purge Date: 12/18/2013<br>Image SOP<br>Email Notification, Phillip E Tatoian, Jr. PHIL@ASPLUNDH.COM<br>Email Notification, Dolores Lee dlee@asplundh.com<br>Email Notification, Maureen Woods mwoods@asplundh.com<br>Email Notification, Christopher D. Hein chein@asplundh.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>Beatrice Casarez-Barrientez<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

LONE STAR ATTORNEY SERVICE
6065 HILLCROFT, SUITE 406
HOUSTON, TX  77081



7012 3460 0002 7841 2874



U.S. POSTAGE
PAID
HOUSTON, TX
77201
DEC 17 '13
AMOUNT
$6.97
00038188-08

1000        75201

ASPLUNDH TREE EXPERT CO (DBA TREES
INC)
C/O CT CORPORATION, REGISTERED AGENT
HARWOOD CENTER
1999 BRYAN, SUITE 900
DALLAS, TEXAS 75201

RECEIPT NUMBER  11464      0.00
TRACKING NUMBER  72974989    CIV

CAUSE NUMBER    201372162

| PLAINTIFF: GUY, KELLY | In The  129th |
|---|---|
| vs. | Judicial District Court of |
| DEFENDANT:  ASPLUNDH TREE EXPERT CO (DBA TREES INC) | Harris County, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

CAME TO HAND: _/ /_

DELIVERED: _12-10-13_

by: _____

TO: ASPLUNDH TREE EXPERT CO (DBA TREES INC) BY SERVING ITS AGENT
CT CORP SYSTEM

350 N ST PAUL STREET SUITE 2900  DALLAS TX 75201

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND
JURY DEMAND

This instrument was filed on the ___2nd___ day of ___December___, 20 _13_, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___3rd___ day of _____December_____, 20 _13_.

Issued at request of:
LOVELACE, BYRON KEITH
8303 SW FWY, #975
HOUSTON, TX 77074
Tel: (713) 777-0500
Bar Number: 12600700

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: HILL, MARCELLA DIANA   DBG/L2Z/9725

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at _____ o'clock ____.M., endorsed the date of delivery thereon, and executed it at _____,_____, (street address)                                           (city)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock . M., by delivering to _____, by delivering to its
(the defendant corporation named in citation)

_____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
(description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____.
(additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____          By: _____
(signature of officer)

Printed Name: _____

As Deputy for: _____
(printed name & title of sheriff or constable)

Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

_____
Notary Public

N.INT.CITC.P

CAUSE NO.  2 0 1 3 - 7 2 1 6 2

| | | |
|---|---|---|
| KELLY GUY, | § | IN THE DISTRICT COURT OF |
|    Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ASPLUNDH TREE EXPERT CO. d/b/a | § | |
| TREES, INC., | § | ____ JUDICIAL DISTRICT |
|    Defendant. | § | JURY DEMAND |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE & JURY DEMAND

### A. DISCOVERY CONTROL PLAN

1.  Plaintiff states that discovery in this lawsuit is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### B. PRELIMINARY STATEMENT

2.  This action seeks equitable relief, back pay, front pay, compensatory damages, and costs and attorney's fees for retaliation by Defendant toward Plaintiff.

3.  This action arises under the Tex. Labor Code §21.001 *et seq.*,as amended, and Texas common law, to correct unlawful employment practices on the basis of sex.

### C. JURISDICTION

4.  Plaintiff seeks unliquidated damages in an amount over $100,000.00 but not more than $200,000.00.

5.  Defendant, ASPLUNDH TREE EXPERT CO. d/b/a TREES, INC., (hereafter "Defendant"), engaged in activities constituting business in the State of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, and said Defendant committed a tort in whole or in part in Texas or recruits or has recruited Texas residents for employment inside or outside this state.

## D. VENUE

6.  This action properly lies in Harris County because the Plaintiff resides there, Defendant may be found there, and the events or omissions leading to the claim occurred in whole or in part in Harris County.

## E. PARTIES

7.  Plaintiff, KELLY GUY, is an individual who resides in Houston, Harris County, Texas.

8.  Pursuant to Texas Civil Practices and Remedies Code §30.014 the last three digits of KELLY GUY'S driver's license number are 170, and the last three digits of KELLY GUY'S social security number are 399.

9.  Defendant is a foreign corporation organized and existing under the laws of Pennsylvania, whose principal office is located at 708 Blaire Mill Road, Willow Grove, PA 19090 is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corp System, or another person authorized to accept service, at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

## F. FACTS

10. Plaintiff is a female that began working for Defendant in March of 2005 as a receptionist and safety assistant. Starting around the middle of September 2005, she began experiencing sexual harassment from another employee, Walter Carranza.   Mr. Carranza began harassing Plaintiff by making attempts to

2

massage her shoulders or have her sit in his lap.   The harassment continued for five years.

11.  In 2010, on one occasion, Mr. Carranza placed his hand under Plaintiff's blouse, under her bra, and grabbed her bare breast.

12.  In 2011, Mr. Carranza would often try to pull Plaintiff to make her sit on his lap. Additionally, he would often grab Plaintiff's right hand as she walked by and place it on his crotch over his pants.   Moreover, multiple times through 2011, Mr. Carranza would touch Plaintiff's breast over her blouse.   Finally, he would continually try to massage Plaintiff's shoulders even when she would verbally object to the conduct.

13.  Plaintiff had previously reported the harassment to Florencio Tijerina.

14.  On December 12, 2012, Plaintiff reported the harassment to Joe Lee, Field Liaison in Human resources.

15.  On December 20, 2012, when Plaintiff was leaving the office for a doctor's appointment, she was told not to return that afternoon because her sexual harassment complaint was being investigated.

16.  On January 31, 2013, Plaintiff refused to attend a training meeting about sexual harassment.   She refused to attend this meeting because Mr. Carranza, who had harassed Plaintiff for about seven years, would be sitting at the same table as her. She was given no alternative to sitting in the same room with him for a training that would take three hours.   Upon voicing her objection to attending the meeting with her harasser in the room, she was fired.

3

## H. RETALIATION FOR OPPOSING UNLAWFUL EMPLOYMENT PRACTICES

17.  Plaintiff was retaliated against for opposing unlawful workplace discrimination. About a month and a half after complaining of the unlawful sexual harassment and the hostile work environment to HR, Plaintiff was discharged.   This retaliatory termination took place immediately after Plaintiff refused to attend a meeting on sexual harassment in which she would be sitting very near her harasser for three hours in a meeting discussing sexual harassment.   She was fired for not attending said meeting.

## I. DAMAGES

18.  As a direct and proximate result of the unlawful retaliation which resulted in her wrongful discharge from the company, Plaintiff has suffered serious harm, including, but not limited to, lost wages and the value of lost benefits; emotional distress; humiliation and embarrassment among co-workers and others; damage to her credibility; and damage to her prospects for future employment.   In addition, Plaintiff has had to employ counsel for which Plaintiff seeks reasonable attorney's fees.

19.  Plaintiff seeks exemplary damages for harm caused by Defendant's malice and reckless indifference under Texas Civil Practice & Remedies Code section 41.003(a)(2) & (3) and Texas Labor Code §21.2585.

## J. ATTORNEY'S FEES

20.  Plaintiff is entitled to recover reasonable and necessary attorney's fees under the Tex. Labor Code §21.259(a) for claims against Defendant.

4

## K. TIMELINESS

21. The conduct and practices complained of herein that are a basis for claims under the Texas Commission on Human Rights Act occurred within the 180 days preceding the filing of the administrative complaint with the Civil Rights Division of the Texas Workforce Commission upon which Plaintiff bases her claims.

## L. ADMINISTRATIVE CONDITIONS PRECEDENT

22. On or about March 14, 2013, Plaintiff filed a Charge of Discrimination with the Civil Rights Division of the Texas Workforce Commission alleging sex discrimination and retaliation. Plaintiff received a Notice of Right to File a Civil Action (Exhibit "A") from the Commission dated October 28, 2013, and has sued within sixty (60) days of receipt of the notice and within two (2) years of the filing of her Charge of Discrimination.

23. All administrative conditions for bringing this suit have occurred or have been done.

## M. DEMAND FOR JURY

24. Plaintiff demands a jury trial.

## N. PRAYER

28. For these reasons, Plaintiff asks that Defendant be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendant and the Court order relief that includes the following:

1. Declare Defendant's conduct to be in violation of Plaintiff's rights;

2. Enjoin the Defendant from engaging in such conduct;

5

3.  Award Plaintiff front pay and the value of lost benefits for the period of at least two (2) years;

4.  Award Plaintiff back pay and the value of lost benefits up to the date of front pay accrual;

5.  Award Plaintiff compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

6.  Award Plaintiff punitive damages;

7.  Award Plaintiff special and nominal damages for injuries caused by Defendant's conduct;

8.  Order Defendant to pay Plaintiff's costs and attorney's fees; and

9.  Order and grant other relief as is proper and just.

### O. REQUEST FOR DISCLOSURE

29. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (k).

Respectfully submitted,

**LAW OFFICES OF KEITH LOVELACE**

By: _____
         Keith Lovelace - SBN 12600700
8303 Southwest Freeway, Suite 975
Houston, Texas 77074
Telephone (713) 777-0500
Facsimile   (713) 995-5555
**ATTORNEY FOR PLAINTIFF**
**KELLY GUY**

101 East 15ᵗʰ Street, Room 144T
Austin, TX 78778-0001
www.twc.state.tx.us

(512) 463-2642  Main
(512) 463-2643  Fax
(888) 452-4778 Toll Free



### Texas Workforce Commission
### Civil Rights Division

10/28/2013

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

*Killy Guy*
c/o Brad Peek
LAW OFFICE OF KEITH LOVELACE
THE CENTER
8303 Southwest Frwy, Ste. 975
Houston, TX 77074

Re:    *Killy Guy v. ASPLUNDH TREE EXPERT CO.*
       EEOC Complaint # 460-2013-01759
       CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Lowell A. Keig
Division Director

## RETAIN ENVELOPE TO VERIFY DATE RECEIVED

**EXHIBIT "A"**

Copy to:

ASPLUNDH TREE EXPERT CO.
Sue Jurina, Human Resources Executive
708 Blair Mill Road
Willow Grove, PA 19090

Anelique Groza Lyons
CONSTANGY BROOKS & SMITH LLP
P. O. Box 1840
Tampa, FL 33601-1840

Cert-C-NCO2(6/92)

*"The Texas Workforce Commission Civil Rights Division is an Equal Opportunity Employer"*

1/3/2014 3:39:21 PM
Chris Daniel - District Clerk Harris County
Envelope No. 130718
By: ALEX CASARES

## CAUSE NO. 2013-72162

| | | |
|---|---|---|
| KELLY GUY,<br>　　　Plaintiff, | § <br> § <br> § | IN THE DISTRICT COURT |
| vs. | § <br> § | |
| ASPLUNDH TREE EXPERT CO.<br>d/b/a TREES, INC.<br>　　　Defendant. | § <br> § <br> § | 129TH JUDICIAL DISTRICT |
| | § | HARRIS COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

COMES NOW, ASUPLUNDH TREE EXPERT CO. d/b/a TREES, INC., Defendant, in the above-entitled and numbered cause, and hereby files its Original Answer to Plaintiff's Original Petition, as follows:

### I.
### GENERAL DENIAL

Defendant invokes the provisions of Rule 92, Texas Rules of Civil Procedure and does hereby exercise its legal right to require Plaintiff to prove all of the allegations contained in Plaintiff's Original Petition. Further, Defendant denies each and every, all and singular, allegations concerning liability and damages contained in Plaintiff's Original Petition, and demands strict proof of each such allegation.

### II.
### MITIGATION

Defendant asserts that Plaintiff has a duty to mitigate any alleged damages and that Defendant is entitled to an offset of any amount of damages related to Plaintiff's failure to make a reasonable effort to mitigate her alleged damages, if any.

2600520.1

## III.
## GENERAL DEFENSES

Defendant denies that it terminated Plaintiff based on her sex/gender or in retaliation for filing a complaint. Defendant terminated Plaintiff due to legitimate non-discriminatory, business reasons.

## IV.
## AFFIRMATIVE DEFENSES

Plaintiff's claims are barred by the applicable statute of limitations and/or by a failure to exhaust administrative remedies as required by the Texas Labor Code.

## V.
## DAMAGES

Defendant further asserts that damages are limited by and subject to (a) offset for all income, income replacement, compensation and benefits Plaintiff received from any subsequent employment or any source; (b) reduction for Plaintiff's failure to mitigate her damages to the fullest extent required by law; (c) reduction based on the after-acquired evidence doctrine, if such is applicable; (d) reduction for any losses or harm incurred for reasons unrelated to those alleged in the petition; (e) the maximum damages provided by any applicable statute, particularly § 21.2585 Tex. Lab. Code; and (f) offset or reduction for other reasons allowed by law or equity.

## VI.
## EXEMPLARY DAMAGES

Defendant invokes and pleads the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code, specifically including those sections of the statute limiting exemplary damages:

1)      Plaintiff may not be awarded exemplary damages unless she establishes by clear and convincing evidence that Defendant acted with malice, which Defendant denies. TEX. CIV. PRAC. & REM. CODE § 41.003. Defendant further requests that the jury be instructed as required by TEX. CIV. PRAC. & REM. CODE § 41.012 with

DEFENDANT'S ORIGINAL ANSWER, PAGE 2

respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendant opposes; and

2)      In the unlikely event of any exemplary damage award, Defendant further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages.

## VII.
## GOOD FAITH

Plaintiff's termination was the result of legitimate, nondiscriminatory business reasons. Further, Defendant asserts that it made a good faith effort to comply with all applicable employment laws, and that such good faith efforts preclude liability for exemplary damages.

## VIII.
## PRAYER FOR RELIEF

FOR THESE REASONS, Defendant respectfully prays that Plaintiff take nothing by her suit, and that Defendant be granted a take-nothing award against Plaintiff and such other and further relief, general and special, legal and equitable, to which Defendant may be justly entitled, to include but not limited to Defendant's reasonable attorneys' fees and costs.

Respectfully submitted,


/s/ Scott A. Agthe
_____

SCOTT A. AGTHE
State Bar No. 00934800
AMY YBARRA
State Bar No. 24013573
CONSTANGY, BROOKS & SMITH, LLP
8911 N. Capital of Texas Highway
Building 3, Suite 3350
Austin, Texas  78759
(512) 382-8800 Telephone
(512) 382-8801 FAX
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2014, I served *Defendant's Original Answer* on the following party by faxing to him a true and correct copy thereof:

Keith Lovelace
8303 Southwest Freeway, Ste. 975
Houston, TX 77074
(713) 995-5555 FAX


/s/ Scott A. Agthe
_____
SCOTT A. AGTHE

DEFENDANT'S ORIGINAL ANSWER, PAGE 4

2600520.1